UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JERRY VEGA,

        Petitioner,

  -against-                          **ORDER**
                                      97-CV-2446 (ADS)

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------X
**APPEARANCES:**

**JERRY VEGA**
*Pro Se* Petitioner
Din # 88A9231
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**LORETTA E. LYNCH, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
271 Cadman Plaza East
Brooklyn, New York 11201
       By:    Joann Navickas, Assistant United States Attorney

**SPATT, District Judge.**

      In reviewing the Court's previous decisions, it came to the Court's attention that the present case, which has been closed since May 12, 2003, has a pending motion by the Petitioner Jerry Vega ("Vega" or the "Petitioner") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b) ("Rule 60(b)"), for relief from the Court's Order dated May 12, 2003, denying Vega's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2225.  The Court will now address this pending motion.

1

## I. BACKGROUND

On November 21, 1990, Vega pled guilty to one count of conspiracy to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). He was sentenced on November 15, 1991 to three-hundred-sixty months, to be imposed consecutive to his prior state term of twenty-five years to life. The conviction was affirmed by the Second Circuit Court of Appeals on December 3, 1993.

On April 23, 1997, Vega filed a habeas corpus petition pursuant to 28 U.S.C. § 2225, alleging that: (1) his appellate counsel was ineffective for: (i) failing to request or attend oral argument on his direct appeal; (ii) failing to argue that the Court should have determined, before sentencing, the amount of narcotics that was reasonably foreseeable to Vega; and (2) the Second Circuit unfairly denied his motion for reargument of his direct appeal.

After the Petitioner's habeas petition had been fully briefed, the Petitioner wrote to the Court on May 9, 2002 and August 12, 2002, stating that in light of the recent Second Circuit decisions in U.S. v. Thomas, 274 F.3d 655 (2d Cir. 2001), U.S. v. Guevara, 277 F.3d 111 (2d Cir. 2001), and U.S. v. Kwok Ching Yu, 285 F.3d 192 (2d Cir. 2002), he was requesting an extension of time in which to amend his pending § 2225 application to reflect recent changes in the law. (Docket Entry Nos. 27 and 28.) The Court granted the Petitioner's request and gave him until April 9, 2003, to file an amendment to his petition. (Docket Entry No. 30.) On April 8, 2003, the Petitioner wrote again to the Court and requested that in light of the recent decision in Coker v. United States, No. 01 Civ. 5045, 2003 WL 1563374 (S.D.N.Y. Mar. 25, 2003), which discussed the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), he was seeking an additional fifteen day extension. On April 15, 2003, the Court permitted Vega one additional and final extension, until May 1, 2003,

to file an amendment to his habeas petition related to his intended <u>Apprendi</u> and <u>Coker</u> arguments.  (Docket Entry No. 31.)

On May 12, 2003, the Court issued a Memorandum of Decision and Order that denied Vega's original habeas petition, finding that he did not sufficiently meet his burden as to the ineffective assistance of counsel claims and that a habeas petition was not the appropriate vehicle through which to challenge the Second Circuit's denial of his motion for reargument.  <u>See Vega v. United States</u>, 261 F. Supp. 2d 175 (E.D.N.Y. 2003) (Spatt, J.).  The Court also noted that it was not considering the Petitioner's <u>Apprendi</u> claim as an amendment to the habeas petition because the Court had not received any documentation from him as of May 9, 2003.

However, upon recent inspection of the relevant court filings, it appears that Vega did in fact submit an amendment to his habeas petition, and did so in a timely manner.  The amendment contains a "filed" stamp from the Clerk's Office on April 30, 2003, prior to the Court's mandated May 1, 2003 deadline.  In any event, the Court went on to state in the May 12, 2003 Order that "having reviewed both <u>Apprendi</u> and <u>Coker</u>, the Court did not find an issue that would change the outcome of Vega's instant motion."  <u>Id.</u> at 176.

On May 17, 2004, this Court received a letter from Louis Gonzalez, another prisoner at the Petitioner's correctional facility, concerning Vega's habeas petition.  Gonzalez wrote that he had been working on the Petitioner's "various legal documents, including his last § 2225 motion to vacate." (Docket Entry No. 36.)  He stated that Vega was transferred to another facility, and thus he entrusted Gonzalez with all of his legal documents in order to complete a Rule 60(b) motion, which he enclosed with the letter.  Therefore, the Court is in receipt of a Rule 60(b) motion from the Petitioner, which was received one year and three days after the Court's Order.

It is unclear if the Petitioner is even aware that this Rule 60(b) motion was filed on his behalf. Given that eight years has passed and the fact that the Court has received no correspondence from the Petitioner with regard to this motion, the Court assumes that the Petitioner is not aware that this motion was filed. Moreover, this Rule 60(b) motion was filed more than one year after this Court's decision and by a non-party, who is not the Petitioner's legal representative and who has not made an appearance in this case. Therefore, from a procedural standpoint, it is doubtful whether this Court may even proceed to address the motion.

However, there is a compelling reason which, in the interest of justice, the Court shall proceed at this late date to consider the merit of the Petitioner's Apprendi arguments. If the Court is to construe all inferences in the Petitioner's favor, it appears that the intended amendment to the Petitioner's original habeas petition was received in a timely manner, and thus should have been considered by this Court in 2003. For this reason, the Court should have fully addressed the Petitioner's amended claim in its May 12, 2003 decision and thus will consider his Rule 60(b) motion raising the same arguments.

It is true that, as a general matter, the arguments that the Petitioner wished to amend his original habeas petition to include and the issues he now seeks to raise in his Rule 60(b) motion were previously addressed by this Court in its May 12, 2003 decision. See Vega, 261 F. Supp. 2d at 176 ("Further, having reviewed both Apprendi and Coker, the Court did not find an issue that would change the outcome of Vega's instant motion."). However, the Petitioner is correct that the Court's finding was made without the benefit of reviewing the Petitioner's argument.

Therefore, the Court will consider the Petitioner's Rule 60(b) motion to the extent that it addresses the Petitioner's previously intended Apprendi claim, which the Court timely received

but never addressed in connection with the Petitioner's original habeas petition. However, any other arguments that the Petitioner raises in his Rule 60(b) motion will not be considered.

## II.     DISCUSSION

### A. <u>Legal Standard on a Rule 60(b) Motion</u>

As set forth above, the Petitioner is seeking to use the vehicle of a Rule 60(b) motion to assert several arguments that the Court previously did not fully consider in the initial habeas petition because the Court deemed the amended arguments to be untimely. Rule 60(b) states the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

If the motion is brought for the reasons stated in (1), (2), or (3), it may not be brought more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). However, if the motion is brought under any other subsection, it must be made within a reasonable time.

Here, the Rule 60(b) motion is made on the basis of the Court's inadvertence, and thus falls into the realm of Rule 60(b)(6), which concerns any other reason that justifies relief. As the motion was filed one year and three days after the Court's Order, the Court finds that the motion was made within a reasonable time.

In certain circumstances, courts have held that a Rule 60(b) motion is essentially like a successive habeas corpus petition. <u>McQueen v. Scroggy</u>, 99 F.3d 1302, 1335 (6th Cir. 1996)

5

("We agree with those circuits that have held that a Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition . . ."). As explained by the Supreme Court, in reiterating a position of Judge Tjoflat of the 11th Circuit,

> the difference is defined by the relief that the applicant seeks. Is he seeking relief from a federal court's final order entered in a habeas proceeding on one or more of the grounds set forth in Rule 60(b), or is he seeking relief from a state court's judgment of conviction on the basis of a new constitutional claim?

Abdur'Rahman v. Bell, 537 U.S. 88, 123 S. Ct. 594, 154 L. Ed. 2d 501 (2002). As stated by Judge Tjoflat himself:

> "a 'second or successive' habeas corpus petition, like all habeas corpus petitions, is meant to remedy constitutional violations (albeit ones which arise out of facts discovered or laws evolved after an initial habeas corpus proceeding), while a Rule 60(b) motion is designed to cure procedural violations in an earlier proceeding — here, a habeas corpus proceeding — that raise questions about that proceeding's integrity.

Mobley v. Head, 306 F.3d 1096, 1100–05 (11th 2002).

In the present case, the Apprendi portion of the Rule 60(b) motion does not raise the concerns of a successive habeas corpus petition. Rather, the purpose is to cure the procedural deficiencies that occurred in the original habeas proceeding; namely, that the Petitioner's timely amended argument was not considered by the Court. Therefore, the Court will assess the merits of the Petitioner's Apprendi claims as asserted through the vehicle of a Rule 60(b) motion.

### B. As to the Apprendi Argument

The Petitioner's arguments rest upon the rule announced in Apprendi, that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." 430 U.S. at 489, 120 S. Ct. at 2362. Although it is not entirely clear on the basis of Vega's *pro se* motion, it appears that he is arguing that (1) his

indictment did not contain a specific drug quantity, so that he was not properly charged; and (2) he did not allocute to a specific drug quantity, so that he was not properly sentenced.

The Petitioner, acknowledging that the rule announced in Apprendi has been held to not be retroactive, spends a considerable portion of his Rule 60(b) motion arguing that Apprendi announced a "new" rule and accordingly should be applied retroactivity on habeas review. However, it has been conclusively ruled by the Second Circuit that (1) Apprendi announced a "new" rule of law that was procedural, not substantive; and (2) it was not a watershed rule of criminal procedure and thus does not apply retroactivity to initial section 2255 motions for habeas relief. Coleman v. United States, 329 F.3d 77, 82, 84 (2d Cir. 2003) ("the two aspects of Apprendi's new rule — the shift from judge to jury and from preponderance-of-the-evidence to beyond-a-reasonable-doubt — are "procedural" changes that do not apply retroactively on habeas review."). While Vega criticizes the decision in Coleman at length, the Court finds these arguments to be without merit and insufficient to overcome or distinguish this binding precedent.

Therefore, because this Court cannot apply Apprendi retroactively to the Petitioner's claim regarding his alleged sentencing defects, the Rule 60(b) motion for reconsideration is denied. See Aguiar v. United States, No. 01 Civ. 4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005) (denying the petitioner's habeas petition, pursuant to 28 U.S.C. § 2255, wherein he challenged the validity of his sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

**SO ORDERED**.

Dated: Central Islip, New York
      March 27, 2012

                                     _____/s/ Arthur D. Spatt_____
                                        ARTHUR D. SPATT
                                      United States District Judge